```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

                                :
ROGER V. HART                   :
                                :
     v.                         :  Civil Action No. DKC 2006-1147
                                :
DONALD C. WINTER,               :
SECRETARY OF THE NAVY           :
                                :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion of Defendant Donald C. Winter, in his official capacity as Secretary of the Navy,[1] to dismiss for untimely filing, or in the alternative for summary judgment. (Paper 11). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion for summary judgment will be granted.

**I.   Background**

Plaintiff filed a formal administrative complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was denied the position of Executive Housekeeping Officer in Bethesda, Maryland, due to racial discrimination and reprisal for having previously filed an equal

---

[1] Plaintiff originally filed suit against Gordon R. England, in his official capacity as Secretary of the Navy. On January 3, 2006, Donald C. Winter became Secretary of the Navy. Pursuant to Fed.R.Civ.P. 25(d)(1), Mr. Winter is automatically substituted as the proper Defendant.

employment opportunity complaint.  (Paper 1).  On October 20, 2004, the EEOC mailed Plaintiff its decision finding no discrimination, and informing Plaintiff that he had a right to file a civil action in an appropriate United States District Court within 90 calendar days from the day he received the EEOC's letter.  (Paper 11, Ex. A);  42 U.S.C. § 2000e-5(f)(1).  The letter further stated, "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (*Id.* at 7).  Plaintiff affirms that he received the EEOC letter by October 25, 2004.

On January 27, 2005, Plaintiff filed a complaint against Defendant in the United States District Court for the District of Columbia, 94 days after the limitations period began on October 25, 2004.  Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for untimeliness, to dismiss or transfer pursuant to Rule 12(b)(3) for improper venue, or, in the alternative, for summary judgment pursuant to Rule 56.  (Paper 11).  Plaintiff conceded that the proper venue is this court, (paper 13, at 4), and the Honorable James Robertson of the United States District Court for the District of Columbia transferred the case to this court by Order on May 8, 2006.  The Order stated that it was for the transferee court to decide whether Plaintiff's complaint was timely filed.  (Paper 14).

**II.   Standard of Review**

Defendant has moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment under Fed.R.Civ.P. 56.  A court considers only the pleadings when deciding a Rule 12(b)(6) motion.  Where the parties present matters outside of the pleadings and the court considers those matters, as here, the motion is treated as one for summary judgment.  *See* Fed.R.Civ.P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.*, 241 F.Supp.2d 551, 556 (D.Md. 2003).

**III. Analysis**

**A. Timeliness**

The EEOC issued to Plaintiff an errata notice, dated February 17, 2005, stating in its entirety:

> The above captioned decision did not correctly list all of complainant's rights on appeal.  A new decision with the corrected language, including complainant's right to request reconsideration, is attached.  Please note that the applicable filing period for complainant to request reconsideration begins to run five days after receipt of this revision.
> This correction in no way alters the substantive findings of the decision.

(Paper 13, Att. 1).  Plaintiff argues that his complaint was timely filed because "the EEOC reissued its final decision on February 17, 2005.  The cover letter clearly indicated that as a result of the corrected final decision Plaintiff's 90 days would start from the

date of receipt of the corrected final decision." (Paper 13, at 3). The decision attached to the errata notice was dated October 20, 2004, the same date as the original decision.[2] (*Id*.).

The errata notice clearly stated that "the applicable filing period for complainant *to request reconsideration* begins to run five days" after February 17 (emphasis added). Significantly, the errata notice did not state that the filing period for complainant to file a civil action in federal court would begin to run at that time. The impact of the errata notice was strictly limited to Plaintiff's right to request reconsideration.

The 90 day limitations period to file suit in a federal court begins to run after receipt of a final EEOC decision. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). A decision on a request for reconsideration is a final EEOC decision and, as such, re-starts the 90 day limitations period to file suit in federal court. *See Hanson-Hodge v. Massanari*, 2002 WL 32361841, at *2 (D.Md. 2002) (treating denial of request for reconsideration as start of 90 day limitations period for filing). Thus, had Plaintiff requested reconsideration, his limitations period to file suit in this court would have re-started once the EEOC issued its decision on his request for reconsideration. When Plaintiff

---

[2] The only difference between the original decision, issued October 20, and the decision attached to the errata notice on February 17, is that the latter included a subsection, "Statement of Rights - On Appeal," pertaining to requests for reconsideration. (*See* Paper 11, Ex. A; paper 13, Att. 1).

4

received the errata notice informing him of his right to request reconsideration, however, he did not exercise that right. As a result, the errata notice had no impact on Plaintiff's limitations period to file suit in federal court. The EEOC did not intend for the errata notice to enlarge the limitations period for Plaintiff to file a federal civil action, it only informed him of his right to request reconsideration. Plaintiff filed untimely.

**B. Equitable Tolling**

The 90 day time period for filing a civil suit may be subject to waiver and equitable tolling in limited circumstances. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). The Supreme Court has noted, however, the importance of strict adherence to procedural rules:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). In *Irwin*, the Supreme Court noted:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's

5

>
>       misconduct into allowing the filing deadline
>       to pass.  We have generally been much less
>       forgiving in receiving late filings where the
>       claimant failed to exercise due diligence in
>       preserving his legal rights.

*Irwin*, 498 U.S. at 96 (footnotes omitted).  Likewise, the Court of Appeals for the Fourth Circuit has also noted the limited application of the equitable tolling doctrine:

>       Equitable tolling "is appropriate when, but
>       only when, 'extraordinary circumstances beyond
>       [the petitioner's] control prevented him from
>       complying with the statutory time limit."'
>       *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir.
>       2001) (quoting *Harris* [*v. Hutchinson*], 209
>       F.3d [325,] 330 [(4th Cir. 2000)]).
>       Accordingly, under our existing "extraordinary
>       circumstances" test, [the petitioner] is only
>       entitled to equitable tolling if he presents
>       (1) extraordinary circumstances, (2) beyond
>       his control or external to his own conduct,
>       (3) that prevented him from filing on time.

*Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 905 (2004).

Plaintiff makes no argument that equitable tolling of the filing period is appropriate in this case, and indeed it is not.  The EEOC decision issued on October 20 adequately advised Plaintiff of his right to bring suit in federal court.  Plaintiff brought suit four days after the limitations period ran and approximately three weeks before an unrelated errata notice was issued.  The reissued decision, with the errata notice, could not have misled Plaintiff during the initial 90 day period because it was not issued until long after that period elapsed, and, indeed, after

6

Plaintiff actually filed suit.  Plaintiff has not demonstrated such "extraordinary circumstances" that equitable tolling would be warranted.  Moreover, any extraordinary circumstances related to the errata notice did not prevent Plaintiff from filing timely, *see Rouse*, 339 F.3d at 246, because he filed suit approximately three weeks before the errata notice was issued.

Accordingly, a separate Order will be entered, granting Defendant's motion for summary judgment.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge